IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

THOMAS BENNINGTON
An individual,

    Plaintiff

v.

SEA RAY BOATS INC.,
a Florida profit corporation

and

THE CINCINNATI CASUALTY COMPANY,
a foreign profit corporation, registered to do business in Florida

    Defendants
_____/

Case No.: 8:23-cv-01888

## COMPLAINT

COMES NOW, Plaintiff THOMAS BENNINGTON (hereinafter "PLAINTIFF" or "BENNINGTON"), by and through undersigned counsel, and hereby sues Defendants SEA RAY BOATS INC. (hereinafter "SEA RAY"), and THE CINCINNATI CASUALTY COMPANY (hereinafter "CINCINNATI") and would show as follows:

### Jurisdiction, Parties, and Venue

1. Counts I and II of this action are for breach of express and implied

warranties pursuant to the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, et al. in an amount exceeding $75,000 exclusive of attorney fees and costs.

2. This is an action that is within the jurisdiction of this Court pursuant to federal question jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §2310(d)(1)(B). All claims set forth herein arise from the same operative facts and should be disposed of in a single proceeding.

3. Count 3 of this action is for breach of an insurance policy and this Court has jurisdiction pursuant to 28 U.S.C. 1332 as Plaintiff and Defendant are citizens of different states.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to the extent required to adjudicate any state law claims necessary to address all issues and claims raised in the pleadings. The events, acts, and circumstances giving rise to this action occurred in Florida and venue is proper within this District.

5. Plaintiff is an individual who is a citizen of the State of Kentucky and whose residence is in Fayette County, Kentucky.

6. Defendant CINCINATTI is a Florida foreign profit corporation with its primary place of business in Butler County, Ohio. It has no principal place of business in Florida.

7. Defendant SEA RAY is a Florida Corporation with its principal place of business in Knox County, Tennessee.

8. The subject Vessel is a 2018 Sea Ray 550 LM, with HIN SERP9010F718 owned by the Plaintiff.

9. Venue is proper because the issues and events giving rise to this lawsuit accrued within the jurisdiction of this Court.

## General Allegations

10. BENNINGTON purchased the Vessel used in Sarasota, Florida on May, 26th 2021.

11. SEA RAY provides a ten year limited structure hull/deck warranty for the Vessel which went into effect at the time of delivery to the original owner.

12. SEA RAY's ten year limited structure hull/deck warranty is transferrable.

13. The previous owner transferred the unexpired term of SEA RAY's Limited Warranty L-Class Models to BENNINGTON on June 28th, 2021 at time of the purchase of the vessel.

14. At the time of purchase and the subsequent covered loss, the Vessel was insured by a Capstone Yacht Policy insurance policy issued by Defendant CINCINNATI with policy number W020556975 ("the Policy"). See Ex A.

15. The policy provided All Risk physical Hull damage coverage in the amount of $1,400,000.

16. Following the purchase by Plaintiff, the Vessel while being transported developed significant structural damage due to a defect in the Vessel's hull.

17. The bow of Vessel developed a crack in the keel when placed on the transport trailer.

18. A structurally sound keel would not have cracked as a result of the impact when being lowered onto a transport.

19. The impact of placing the bow of the Vessel on a transport caused the damage.

20. The cracked keel was a result of a latent manufacturing defect in the hull.

21. Plaintiff retained Naval Architect Peter Gimpel of Winchester Design Group, to inspect the Vessel.

22. Naval Architect Gimpel reported finding a significant structural failure resulting from a lack of keel laminate thickness that reduced the bending stiffness of the laminate due to an abnormal 26.4% resin ratio and an 80% never-bond of the keel structural laminate.

23. Naval Architect Gimpel found interlaminar bond strength issues and delamination in the starboard side of the keel damage.

24. The low resin ration and improper fiber orientation led to serious structural defects in the hull resulting in the loss.

25. SEA RAY provided a ten year structure hull warranty, stating in part it would "[r]epair any structure fiberglass deck of hull defect …which is caused by a defect in fiberglass factory materials or workmanship and reported within ten (10) years of the date of delivery to the original owner." See Ex B.

26. The Vessel was built in 2017 and is within the ten year warranty period.

27. The previous owner of the Vessel transferred the unexpired term of the Vessel's Limited Warranty L-Class Models to Plaintiff which transfer was accepted by SEA RAY.

28. The Vessel's defects in the fiberglass factory materials and workmanship are covered under Sea Ray's structure hull warranty.

29. On July 29th, 2022 Plaintiff demanded that SEA RAY uphold its warranty obligations for full repair or replacement of the Vessel.

30. On August 15th, 2022 SEA RAY requested an opportunity to send their technician to the vessel and conduct an inspection on August 30th, 2022.

31. On August 29th, 2022 SEA RAY agreed to share the photos and reports from the inspection.

32. SEA RAY took core samples of the Vessel and took photographs.

33. On September 19th, 2022 SEA RAY hosted a conference to provide a satisfactory action plan to resolve the numerous defects.

34. At this conference SEA RAY agreed to

    a. Take multiple samples in various locations from the interior to determine if there was is a proper bond at the interface between the underside of the flange to the upper surface of the MMA.

    b. Make newly laminated panels to match the as built condition, including resign ratio, and conduct a standard beam bend test, share the results of the standard beam test, and share the video of the burn tests with Naval Architect Gimpel.

    c. Solicit surveyor Gimpel's input prior to testing.

    d. Provide half of the sample cut forward of the damage area.

35. However, SEA RAY issued a denial letter on October 25, 2022 where it:

    a. Acknowledged the warranty was transferred to Plaintiff on June 28, 2021.

    b. Acknowledged it had several conversations with Plaintiff and naval Architect Gimpel.

    c. Stated that the SEA RAY structural warranty policy is operative for Plaintiff's Boat.

    d. Stated that there were no structural defects in the boat.

36. In addition, prior to the denial letter SEA RAY:

    a. Failed to schedule a conference with Naval Architect Gimpel to discuss his comments.

    b. Failed to provide Naval Architect Gimpel with the standard beam test results and results of calculations.

    c. Failed to provide the core samples.

    d. Failed to provide photographs of the August 30th, 2022 inspection.

    e. Failed to provide video of the burn tests to Naval Architect Gimpel.

    f. Failed to provide any evidence that any test was conducted.

37. SEA RAY has refused to honor its warranty obligations.

38. Plaintiff reported a claim for the hull damage to the vessel to CINCINNATI on March 1st, 2022, under the Policy.

39. Plaintiff has been forced to seek remedy by filing this action.

40. All conditions precedent to brining this case have been satisfied, waived, or excused.

## COUNT I
### BREACH OF EXPRESS WRITTEN WARRANTY AGAINST DEFENDANT SEA RAY UNDER MAGNUSON MOSS WARRANTY ACT, 15 U.S.C. § 2301

41. The allegations contained in paragraphs 1 through 40 above are realleged and incorporated as if fully stated herein.

42. Pursuant to the Magnuson Moss Warranty Act, SEA RAY is a Warrantor.

43. Pursuant to the Magnuson Moss Warranty Act, BENNINGTON is a Consumer.

44. Pursuant to the Magnuson Moss Warranty Act, the Vessel is a Consumer Product.

45. The SEA RAY Limited Structural Hull/Deck Warranty is transferrable.

46. The previous owner of the Vessel transferred the unexpired term of the Vessel's Warranty to Plaintiff.

47. SEA RAY accepted the transfer of its Warranty to Plaintiff.

48. Under the provisions of the Magnuson Moss Warranty Act, the warranty can be enforced by Plaintiff against SEA RAY.

49. SEA RAY is the named Warrantor as described in the written SEA RAY LIMITED WARRANTY L-Class Models.

50. The Warranty provided in pertinent part:

> Limited Structural Hull/Deck Warranty. Repair any structural fiberglass deck or hull defect as defined below ("Structural Hull/Deck Defect"), which is caused by a defect in fiberglass factory materials or workmanship and reported within ten (10) years of the date of delivery to the original retail owner. The "Hull" shall mean the single fiberglass molded shell and integral structure within that shell, including stringers, floorboards and related structural reinforcements, all of which are below the hull flange (i.e., gunwale). The "Deck" shall mean the molded fiberglass shell and integral fiberglass structural components above the hull flange (i.e., gunwale). A Structural Hull/Deck Defect shall mean a substantial defect in

the boat's Hull/Deck which causes the boat to be unfit or unsafe for general use as a pleasure craft under normal operating conditions.

51. Plaintiff discovered a substantial defect in the boat's Hull/Deck which caused the boat to be unfit or unsafe for general use as a pleasure craft under normal operating conditions.in the Vessel.

52. After discovering the defects, Plaintiff contacted Defendant within the warranty period and requested that the defects be repaired or replaced.

53. As required by Defendant's warranty procedures, Plaintiff cooperated fully with SEA RAY's investigation and requests for information.

54. Defendant and/or the agents or representatives of Defendant inspected the Vessel and took core samples of the hull.

55. Defendant had reasonable opportunities to correct the defects in the materials and workmanship of the vessel but failed to do so.

56. Ultimately, the Defendant refused to honor the Warranty and recognize warranty claims.

57. The action of SEA RAY in refusing and continuing to refuse to correct the defects in the materials and workmanship constitutes a breach of the express warranty covering the vessel and is a violation of the Magnuson Moss Warranty Act.

58. As a result of Defendant's breach of the express warranty, it has become necessary for Plaintiff to retain the undersigned attorneys and Plaintiff has incurred and continues to incur legal fees, costs, and expenses in relation to this lawsuit.

59. The defects in the Vessel's Hull are not capable of repair.

60. The Warranty fails at its essential purpose.

61. As a result of Defendant's failure or inability to honor the terms of the express written warranty, Plaintiff has sustained damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant SEA RAY, for damages under the Uniform Commercial Code and MMWA, including but not limited to consequential, compensatory, expectancy, resulting, incidental and reliance damages, prejudgment interest, and for costs, and attorneys' and any other relief permitted by law.

## COUNT II:
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST DEFENDANT SEA RAY

62. The allegations contained in paragraphs 1 through 40 above are realleged and incorporated as if fully stated herein.

63. At all times material hereto, SEA RAY is a merchant with respect to the sale of "goods of that kind" (in this matter Sea Ray boats) as contemplated by Florida Statute 672.314.

64. Defendant SEA RAY issued the manufacturer's written warranty required by the purchase and sale agreement.

65. Under Florida Law implied in every contract for the sale of goods is a warranty of merchantability.

66. SEA RAY is a supplier, manufacturer and warrantor as those terms are defined by 15 U.S.C. § 2301.

67. As a supplier of consumer goods, the Defendants are precluded by law from disclaiming the implied warranty of merchantability during the duration of a written warranty. Any disclaimer of the implied warranties is ineffective as a matter of law. 15 U.S.C. § 2308.

68. There existed as a matter of law an Implied Warranty of Merchantability on the Vessel running from SEA RAY to the previous owner.

69. Pursuant to the Magnuson Moss Warranty Act, SEA RAY is a Warrantor.

70. Pursuant to the Magnuson Moss Warranty Act, BENNINGTON is an intended beneficiary of the implied warranty of merchantability.

71. The SEA RAY Limited Structural Hull/Deck Warranty is transferrable.

72. The Implied Warranty of Merchantability that runs with the Limited Structural Hull/Deck Warranty on the Vessel is transferrable.

73. SEA RAY accepts transfers of warranties.

74. The previous owner of the Vessel transferred the unexpired term of the Vessel's Limited Structural Hull/Deck Warranty to Plaintiff.

75. The previous owner of the Vessel transferred the unexpired term of the Vessel's Implied Warranty of Merchantability to Plaintiff.

76. The defects, including but not limited to substantial manufacturing and workmanship defects in the hull, existed at the time the Vessel was sold to the original owner.

77. The Vessel was delivered by Defendant SEA RAY with substantial manufacturing and workmanship defects, including but not limited to defects in the hull, rendering it unmerchantable.

78. The Vessel was delivered with substantial manufacturing and workmanship design and manufacturing defects which renders the boat unsafe to operate in the manner intended rendering it unmerchantable.

79. The Vessel is not fit for the ordinary purposes for which it was intended to be used.

80. Plaintiff contacted SEA RAY through its representatives and advised Defendants of the defects in the vessel.

81. Defendant SEA RAY breached the implied warranty of merchantability by manufacturing and supplying the yacht which was defective, not merchantable and not fit for the ordinary purposes for which it was to be

used.

82. Plaintiff has incurred damages as a result of SEA RAY's breach of the implied warranties of merchantability and fitness; including incidental and consequential loss.

**WHEREFORE,** Plaintiff demands judgment against SEA RAY for damages, including but not limited to consequential, compensatory, expectancy, resulting, incidental and reliance damages, prejudgment interest, and for costs, and attorneys' fees and any other relief permitted by law.

## COUNT III
## BREACH OF CONTRACT AGAINST CINCINNATI

83. The allegations contained in paragraphs 1 through 10, 14-24 and 38-40 above are realleged and incorporated as if fully stated herein.

84. The policy of insurance issued by Defendant CINCINNATI is a Capstone Yacht Policy with policy number W020556975.

85. The Private and Pleasure Yacht Insuring Agreement (SYP/22/PPO) which is part of the policy states that Defendants provides coverage for "loss to the property insured caused by: any manufacturer's or latent defect in the hull or machinery."

86. The Policy provides coverage for a loss caused by any manufacturer's defect or latent defect in the hull.

87. The Vessel was a Scheduled Vessel under the policy which sustained a loss during the coverage period.

88. The loss was fortuitous in nature and is covered per the terms of the policy issued to Plaintiff.

89. The Vessel is a Constructive Total Loss as a result of the manufacturing and latent defects discovered in the Vessel.

90. The defect is pervasive throughout the vessel's hull

91. Consist with the policy terms and provisions Plaintiff submitted a claim for the hull damage to the vessel to CINCINNATI on March 1st, 2022,.

92. On April 26, 2022 CINCINNATTI denied coverage for the claim of damage to the vessel.

93. CINCINNATTI's original April 26th, 2022, coverage denial letter admitted that the damage to the vessel is consistent with improper lamination and construction techniques during manufacturing.

94. On December 16, 2022, nearly a year and six months after the date of loss, CINCINNATTI reconsidered its original denial of coverage and stated that it would provide coverage and repair the area where the crack is located.

95. The proposed protocol for repair is insufficient and fails to rectify the manufacturing and latent defects present in the insured watercraft.

96. The December 16, 2022, offer failed to acknowledge coverage for the manufacturing and/or latent defect in the hull.

97. .

98. The Defendant has failed to tender appropriate payment for the covered losses and costs.

99. The covered loss includes the entirety of the manufacturing and/or latent defect throughout the entire Vessel's hull.

100. Defendant is in breach of its obligations under its contract of insurance by failing to indemnify the Plaintiff for its losses including loss of the Vessel.

101. As a result of the Defendant's failure to tender payment for the covered loss under the policy, the Plaintiff has sustained and continues to suffer damages including direct, consequential and incidental damages, carrying and storage charges and attendant fees and costs in the maintenance of this action.

Wherefore, Plaintiff seeks entry of judgment against the Defendant CINCINNATI for the value of the necessary repairs its Vessel, as well as other direct, consequential and incidental damages as may be proper together with an award of prejudgment and post judgment interest including attorney fees as allowed by law.


## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

DATED this 21st day of August, 2023.

           Respectfully Submitted,

By: *s/ Christopher R. Fertig*
Christopher R. Fertig
Florida Bar No. 218421
Chris.fertig@fertig.com
FERTIG & GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Tel. (954) 763-5020
Fax (954) 763-5412
*Attorneys for Plaintiff*

By: *s/ Darlene M. Lidondici*
Darlene M. Lidondici
Florida Bar No.: 516521
dml@fertig.com
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Tel. (954) 763-5020
Fax (954) 763-5412
*Attorneys for Plaintiff*

AND

By: *s/ John H. Wilbur III*
John H. Wilbur III
Florida Bar No. 1031177
John.wilbur@fertig.com
FERTIG & GRAMLING
200 Southeast 13th Street

<div style="text-align: right;">
Fort Lauderdale, FL 33316  
Tel. (954) 763-5020  
Fax (954) 763-5412  
*Attorneys for Plaintiff*
</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 21 day of August, 2023 on all counsel or parties of record on the Service List below in the manner specified.

<div style="text-align: right;">
Respectfully Submitted,  
By: *s/ John H. Wilbur III*  
John H. Wilbur III  
Florida Bar No. 1031177  
John.wilbur@fertig.com
</div>

## SERVICE LIST

| | |
|---|---|
| Christopher R. Fertig<br>Florida Bar No. 218421<br>Chris.fertig@fertig.com<br>Darlene M. Lidondici<br>Florida Bar No. 516521<br>dml@fertig.com<br>John H. Wilbur III<br>Florida Bar No. 1031177<br>John.wilbur@fertig.com<br>FERTIG & GRAMLING<br>200 Southeast 13th Street<br>Fort Lauderdale, FL 33316<br>Tel. (954) 763-5020 | |

| | |
|---|---|
| Fax (954) 763-5412<br>*Attorneys for Plaintiff* | |

| | |
|---|---|
| Fax (954) 763-5412<br>*Attorneys for Plaintiff* | |