UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS BENNINGTON,** an individual,
and **KBM GROUP LLC,**

    Plaintiffs,

v.                                                                  Case No. 8:23-cv-01888-WFJ-AAS

**SEA RAY BOATS INC.,**
a Florida profit corporation;

**THE CINCINNATI CASUALTY COMPANY,**
a foreign-profit corporation registered to do
business in Florida; and

**JMK MARINE TRANSPORT, LLC**
an Ohio Limited Liability Company,

    Defendants.
_____/

## ORDER

Before the Court is Defendant JMK MARINE TRANSPORT, LLC's ("JMK") Motion to Dismiss Count IV of the Second Amended Complaint. Dkt. 71. Plaintiffs Thomas Bennington and KBM Group LLC[1] ("KBM") have responded in opposition. Dkt. 73. Upon careful consideration, the Court denies Defendant JMK's Motion to Dismiss.

---

[1] Thomas Bennington is a member-manager of KBM Group LLC and controls a majority interest in KBM Group, LLC. Dkt. 63 ¶ 14.

## BACKGROUND

On May 26, 2021, Plaintiff KBM bought a used 2018 Sea Ray 550 LM, HIN: SERP9010F718 (the "Vessel"), in Sarasota, Florida. Dkt. 63 ¶¶ 12, 14. Plaintiffs allege that while being transported by Defendant JMK Marine, the Vessel developed significant structural damage due to a defect in the hull. *Id.* ¶ 20.

On June 22, 2021, JMK Marine entered into a Transport Agreement for the transportation of the Vessel. *Id.* ¶ 21; Dkt. 71-1. KBM was a third-party beneficiary for the transportation contract. Dkt. 63 ¶ 21. At some point during the transportation from Florida to Kentucky, the bow of the Vessel developed a crack in the keel. *Id.* ¶¶ 22, 87. Plaintiffs believe the cracked keel resulted from a latent manufacturing defect in the hull. *Id.* ¶ 25. The crack occurred during transportation or when the Vessel was first lowered onto the trailer. *Id.* ¶ 22. Based on the damage to the Vessel, Plaintiffs allege that "Defendant JMK Marine Transport LLC breached the contractual duty with respect to the stowage and transport of the vessel from Florida to Kentucky." *Id.* ¶ 90.

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but

demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court considers only the four corners of the complaint and the exhibits attached to the complaint in a motion to dismiss. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023). However, "a document outside the four corners of the complaint may . . . be considered" as incorporated by reference if the document "is central to the plaintiff's claims and is undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1299–1300 (11th Cir. 2024).

## DISCUSSION

Based on a careful review of the pleadings, the Court denies Defendant JMK's motion to dismiss Count IV. As discussed below, Plaintiffs' breach of contract claim is within Ohio's statute of limitations and properly states a claim for relief.

As an initial matter, Plaintiffs contend this Court cannot consider the transportation contract with JMK because it was not attached to the Second Amended Complaint. Dkt. 73 at 3. The Court disagrees. The attached contract to JMK's motion to dismiss (Dkt. 71-1) squarely falls within the incorporation-by-

reference doctrine. The incorporation-by-reference doctrine has two requirements: "the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson*, 107 F.4th at 1300. Here, the contract is undoubtedly central to Count IV because Plaintiffs (a third-party beneficiary) are bringing a breach of contract claim against JMK. *See* Dkt. 63 at 14. As for the contract's authenticity, Plaintiffs neither contest nor challenge its validity in their response to the motion to dismiss. *See* Dkt. 73. As such, the Court will consider the contract when resolving the instant motion to dismiss.

## I. Statute of limitations

Before addressing whether Plaintiffs' breach of contract claim is outside the statute of limitations, the Court must determine what law applies to Count IV. JMK contends that Ohio law applies, Dkt. 71 at 2, while Plaintiffs assert Florida law governs, Dkt. 73 at 3.

"[A] federal district court sitting in diversity must apply the choice of law rules of the forum state." *Clanton v. Inter.Net Glob., L.L.C.*, 435 F.3d 1319, 1323 (11th Cir. 2006) (citation and internal quotation marks omitted). Because the Court is exercising diversity jurisdiction over Count IV in this suit—and the Court is in Florida—the Court applies Florida's choice-of-law rules. *See* Dkt. 63 ¶ 5.

"[U]nder Florida law, courts will enforce 'choice-of-law provisions unless the law of the chosen forum contravenes strong public policy.'" *Maxcess, Inc. v. Lucent*

4

*Techs., Inc.*, 433 F.3d 1337, 1341 (11th Cir. 2005) (quoting *Mazzoni Farms, Inc. v. E.I. DuPont de Nemours & Co.*, 761 So.2d 306, 311 (Fla. 2000)). A "choice-of-law provision is presumptively valid," and the party who seeks to prove such a provision invalid has the "burden to demonstrate why it should not be enforced." *Mazzoni Farms, Inc.*, 761 So. 2d at 311. Further, Section 671.105(1), Florida Statutes, expressly states that parties may enter into choice-of-law provisions "when a transaction bears a reasonable relation to this state and also to another state or nation, the parties may agree that the law either of this state or of such other state or nation will govern their rights and duties." Fla. Stat. § 671.105(1).

Here, Plaintiffs have not argued that any strong public policy supporting the application of Florida's statute of limitations outweighs the policy protecting the freedom to contract. *See* Dkt. 73. Thus, the Court applies Ohio law in accordance with the parties' choice-of-law provision. *See* Dkt. 71-1 at 3.

Next, the parties dispute which statute of limitation the Court should apply under Ohio law. JMK contends that the statute of limitations is only two years. Dkt. 71 at 6 (citing *Clay v. Shriver Allison Courtley Co.*, 118 N.E.3d 1027, 1047 (Ohio Ct. App. 2018)). Plaintiffs contend that under Ohio law, "the statute of limitations for a breach of contract action is six years for a written contract and four years for an oral contract." Dkt. 73 at 4 (citing Ohio Rev. Code Ann. code§§ 2305.06 and 2305.07).

Under Ohio law, "an action upon a specialty or an agreement, contract, or promise in writing shall be brought within six years after the cause of action accrued." Ohio Rev. Code Ann. § 2305.06; *see Gauthier v. Gauthier*, --- N.E.3d ---, 2025 WL 517897, at *6 (Ohio Ct. App. 2025). On the other hand, when suing based on a tort, "an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." Ohio Rev. Code Ann. § 2305.10.

Viewing the Second Amended Complaint in the light most favorable to Plaintiffs, Count IV brings a breach of contract claim, not a tort claim. Indeed, the Second Amended Complaint alleges, "Count IV: breach of contract by JMK Marine Transport," Dkt. 63 at 14, and JMK "breached the contractual duty with respect to the stowage and transport of the vessel from Florida to Kentucky resulting in damage to the vessel," *Id.* ¶ 90. As such, the six-year statute of limitations for breach of contract claims applies. *See* Ohio Rev. Code Ann. § 2305.06. Because section 2305.06 controls, the Court finds Count IV is not time-barred. While the date of the breach is not pled in the Second Amended Complaint, the action was filed within six years of the Plaintiffs' acquisition of the Vessel on May 26, 2021. Dkt. 63 ¶ 14. Accordingly, the breach of contract claim in Count IV is timely.

## II.     Failure to State a Claim

JMK's motion also argues that "[a] plain reading of Plaintiff's Second Amended Complaint reveals that the damage to the vessel was the result of a latent defect – not any conduct on JMK Marine's part. Therefore, Count IV should be dismissed for failure to state a cause of action because Plaintiff has failed to allege that JMK Marine caused any of the damage to the vessel." Dkt. 71 at 7. Plaintiffs respond that the Second Amended Complaint properly alleges JMK had "a contractual obligation with respect to the transport of the vessel; that Plaintiffs were intended third party beneficiaries under the contract, that Defendant breached the contract by failing to perform in a workmanlike manner resulting in damage to the vessel." Dkt. 73 at 6; Dkt. 63 at 14–16.

Under Ohio law, "[t]he elements of a breach of contract claim are the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Hillier v. Fifth Third Bank*, 154 N.E.3d 1266, 1272 (Ohio Ct. App. 2020) (citation and quotations omitted).

Here, accepting Plaintiffs' factual allegation as true, Count IV has adequately stated a breach of contract claim. Plaintiffs allege a contract by JMK for the transportation of the Vessel from Florida to Kentucky, Dkt. 63 ¶¶ 86–87, there was an alleged breach of duty by JMK "with respect to the stowage and transport of the [V]essel" based on the crack in the keel, *id.* ¶¶ 22, 90, and Plaintiffs sustained

7

damages based on this breach, *id.* ¶ 91. Therefore, the Court denies Defendant's request to dismiss Count IV for failure to state a claim.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant JMK's Motion to Dismiss, Dkt. 71, is **DENIED**. Defendant must file a responsive pleading within 14 days of the entry of this Order.

**DONE AND ORDERED** at Tampa, Florida, on April 16, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record