UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS BENNINGTON,**
an individual, and KBM
GROUP LLC,

    Plaintiffs,

v.                                                    Case No:  8:23-cv-1888-JLB-AAS

**SEA RAY BOATS INC., et. al.,**

    Defendants.
_____/

## ORDER

The parties jointly move for leave to extend the mediation deadline and permit the parties and counsel to appear remotely at the mediation. (Doc. 91). The current mediation deadline is November 14, 2025. (Doc. 76). The discovery deadline is December 19, 2025. (Doc. 76). The parties agreed to mediate with Dale Sisco. (Doc. 91, p. 3). The parties request that the mediation deadline be extended to December 30, 2025, because the mediation "may be more effective once additional depositions, including of experts has been concluded." (Doc. 91, p. 3).

I.    THE MEDIATION DEADLINE IS EXTENDED

"A schedule may be modified only for good cause and with the judge's consent." *Harris v. Reverse Mortg, Sols. Inc.*, 800 F. App'x 708, 711 (11th Cir.

2020) (quoting Fed. R. Civ. P. 16(b)(4)). To establish good cause, the party requesting the extension must have been diligent. *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1319 (11th Cir. 2008).

The parties have demonstrated good cause because they "have been diligently investigating the claims and proceeding with discovery, depositions and expert disclosures." (Doc. 91, p. 3). The parties believe the mediation will be more effective after the completion of discovery and extending the mediation deadline will not adversely affect any of the remaining pretrial deadlines. (Doc. 91, p. 3).

Accordingly, the parties' joint motion for an extension of the mediation deadline is **GRANTED**. The mediation deadline is extended to **December 30, 2025.**

## II.   REMOTE MEDIATION IS PERMITTED

Under Local Rule 4.03(d), M.D. Fla. mediation "requires the attendance — in-person unless otherwise agreed by the parties — of lead counsel, the parties or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative." The parties agree to conduct mediation via videoconference. (Doc. 91, p. 3).

The counsel for the parties is located throughout Florida and the plaintiffs' and defendants' representatives are located outside of Florida (Kentucky, Ohio, and Illinois). (Doc. 91, p. 3). Conducting mediation via

videoconference will not prejudice any party and will allow for meaningful participation in the mediation process while maintaining the efficiency and cost-effectiveness of remote proceedings.

Accordingly, the parties' joint motion for remote appearance at mediation (Doc. 91) is **GRANTED**.

ORDERED in Tampa, Florida, on October 10, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge